Argued and submitted September 1, 2011, affirmed May 9, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VALERIE ANN MOORE,
*Defendant-Appellant.*

Washington County Circuit Court
C082743CR; A144464

278 P3d 120

Marc D. Blackman argued the cause for appellant. With him on the briefs was Ransom Blackman LLP.

Greg Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Defendant appeals the trial court's supplemental judgment imposing restitution pursuant to ORS 137.106.[1] On appeal, defendant argues that, for two reasons, the court erred in ordering her to pay restitution to the victim's insurance companies. First, defendant argues that the court was required to deny the state's restitution request because the state failed to present sufficient evidence from which the court could determine the amount of the insurance companies' actual economic damages, if any. Second, defendant argues that, even if the trial court was not required to deny the request, it was required to continue the restitution hearing until the state could present sufficient evidence of the amount of the insurance companies' actual economic damages, if any. Because we conclude that defendant did not preserve her appellate arguments, we affirm.

The relevant facts are few. While under the influence of controlled substances, defendant "weaved into the oncoming lane of traffic and crashed head-on into the victim, [Allen]." Allen was injured, and the car she was driving was damaged. Defendant subsequently pleaded guilty to driving under the influence of intoxicants, ORS 813.010, and fourth-degree assault, ORS 163.160. At sentencing, the trial court ordered restitution in an amount to be determined within 90 days.[2]

At the restitution hearing, the state presented evidence that Allen personally incurred expenses of $2,489.25.

---

[1] As relevant to this case, ORS 137.106 provides that, if a court finds that a defendant has committed a crime that has resulted in economic damages to a victim, the court shall require the defendant to pay the full amount of the victim's economic damages unless the victim consents to payment of a lesser amount.

[2] The restitution hearing was held more than 90 days after the plea hearing. Defendant objected, arguing that the state had failed to establish good cause for the late hearing as required by ORS 137.106(1)(b). The trial court overruled the objection. On appeal, defendant does not assign error to that ruling. Therefore, we do not review it. *See* ORAP 5.45(1) ("A question or issue to be decided on appeal shall be raised in the form of an assignment of error."); *Confederated Tribes (Siletz) v. Employment Dept.*, 165 Or App 65, 81 n 8, 995 P2d 580 (2000) (declining to consider an argument advanced in a footnote in the appellant's brief because, "[i]n order to preserve the alleged error, [the appellant] was required to assign error in its opening brief to [the ruling at issue]").

The state also presented a payment ledger and a letter indicating that Farmers Insurance and State Farm Insurance had advanced payments totaling $49,392.23 and $10,000, respectively, for Allen's medical care.

Defendant's attorney told the court that defendant was willing to stipulate to an order of restitution for the expenses that Allen personally had incurred, "but not as to State Farm and Farmers, which ought to be resolved through * * * the civil system." He later reiterated that defendant was willing to reimburse Allen's expenses, but that "the Court ought to let the civil system handle" State Farm's and Farmers' expenses. He argued that, although State Farm and Farmers were "victims" under the restitution statutes, *see* ORS 137.103(4)(d), the court should not order defendant to pay restitution to them because

> "we don't have any evidence here. They haven't even asked for restitution. We have some payment ledgers from them. But they're in the business of collecting premiums and paying out on claims. If they don't do that they're out of business. That's just part of the system."

Defendant's attorney also pointed out that there were ongoing negotiations between defendant's insurance company and the victim's insurance companies, and he asserted that the proper approach was to have "the insurance company Inter-Company Arbitration System handle this, and not have it ordered as restitution to State Farm and Farmers, paid out of my client's pocket."

When asked by the trial court, the prosecutor confirmed that defendant's insurance company was still negotiating with the victim's insurance companies. The prosecutor added that, if there were to be an insurance payment after the restitution hearing, the restitution order could be amended to reflect the payment.

At the end of the hearing, the trial court noted that the restitution statute required it to order restitution in the full amount proved by the state unless the victim "consents otherwise." ORS 137.106(1)(c)(B). The court further noted that there was no "consent from the insurance companies

otherwise." Accordingly, the court ordered restitution in the amounts requested by the state. The court explained:

"I am reluctant * * * to order an amount now that is going to change the negotiating power of the insurance companies, because they pretty much deal with each other at arm's length and equal bargaining strength, and that really * * * is the preferable way to * * * resolve this kind of thing. But, under the statute, I just don't have any choice."

As mentioned, defendant appeals, arguing that, for two reasons, the trial court erred by imposing restitution. First, defendant argues that the trial court erred by imposing restitution because the state failed to present sufficient evidence from which the court could conclude that the victim's insurance companies had actually suffered economic damages in the amounts sought as restitution. Second, and alternatively, defendant argues that the trial court erred by imposing restitution instead of continuing the restitution hearing. For the reasons explained below, we conclude that defendant's appellate arguments are unpreserved.[3]

As we understand it, defendant's sole argument below was that the trial court should not order restitution to the victim's insurance companies but, instead, should "let the civil system" handle the victim's insurance companies' losses. Thus, defendant's argument concerned the proper mechanism for reimbursement to the victim's insurance companies, not the amount of that reimbursement.

That argument is materially different from defendant's first argument on appeal, which is that, because defendant's insurance company was still negotiating with the victim's insurance companies at the time of the restitution hearing, "the amounts due to [the victim's insurance companies]" were "matters of pure speculation." In other words, according to defendant, the amounts due "to those companies [were] * * * simply unknowable" at the time of the restitution hearing.

Defendant's attorney did not make that argument in the trial court. Although he asserted that "we don't have any

---

[3] In addition, we reject, without discussion, defendant's arguments that the alleged errors are reviewable as plain error.

evidence here," he conceded that "[w]e have some payment ledgers from [the insurance companies]." He did not argue that the information reflected in the payment ledgers was legally insufficient to determine the amount of the insurance companies' economic damages. He did not argue that the amount of their economic damages was speculative or unascertainable. Instead, he argued only that settlement of those damages should be handled by "the civil system," and, in support of that argument, he noted that defendant's insurance company was already working with the victim's insurance companies within that system. Thus, although defendant's attorney referred to the ongoing negotiations, we do not understand that reference to have been an argument that the court could not determine the victim's insurance companies' economic damages—and, therefore, could not impose restitution—until the negotiations were complete. Thus, we conclude that defendant's first argument on appeal is unpreserved.[4]

We readily reach the same conclusion with respect to defendant's second argument on appeal, which, as mentioned, is that the trial court erred by not continuing the restitution hearing until after the insurance companies' negotiations were complete. We do so because defendant never asked the trial court to continue the restitution hearing.

Defendant contends that, because the trial court knew that the insurance companies were in negotiations, it was on notice that it could not determine the amount of restitution, if any, due to the victim's insurance company. But, as explained, defendant did not argue that the amount of restitution due to the victim's insurance companies was speculative or unknowable until the negotiations were complete.

Affirmed.

---

[4] Furthermore, the trial court did not understand defendant's attorney to argue that, at the time of the restitution hearing, the companies' economic damages were speculative and unascertainable because of the ongoing negotiations. As the trial court understood it, the ongoing negotiations were relevant to whether the companies might consent to less than full restitution, not whether they were entitled to full restitution.